## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-3621

KELLI APODACA

      Plaintiff,

v.

SIZZLING CAESARS, LLC and SIZZLING PLATTERS, LLC d/b/a LITTLE CAESARS PIZZA

      Defendants.

---

### NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT

---

Pursuant to U.S.C. §§ 1332, 1441, and 1446 and D.C.COLO.LCivR 81.1, Defendants, **SIZZLING CAESARS, LLC,** and **SIZZLING PLATTER, LLC s/h/a SIZZLING PLATTERS, LLC d/b/a LITTLE CAESARS PIZZA** ("Defendants"), by and through their attorneys, **J. SCOTT LASATER** and **BRENDAN F. FRIEDMAN,** of the law firm **LASATER & MARTIN, P.C.**, respectfully gives notice of the removal to the United States District Court for the District of Colorado, the state court action captioned *Kelli Apodaca v. Sizzling Caesars, LLC, and Sizzling Platters, LLC d/b/a Little Caesars Pizza*, case number 2019CV34286, filed in the District Court of Denver County, Colorado (the "State Court Action"). In support of removal, Defendants state as follows:

### BACKGROUND

1.      On November 8, 2019, Kelli Apodaca ("Plaintiff") filed a complaint (the "Complaint") in the State Court Action. Exhibit 1. Plaintiff's Complaint asserts violations of the Colorado Premises Liability Act, C.R.S. § 13-21-115, against Defendants arising out of a slip and fall accident outside of a restaurant owned and operated by Defendants, which allegedly caused personal injuries to the Plaintiff. Defendants' Ex. 1 at ¶¶ 1-23.

2.      On December 10, 2019, Defendants filed their Answer and Jury Demand in the State Court Action, attached as Exhibit 2, after service of the Complaint was made on Defendants on November 19, 2019. The Plaintiff's Return of Service is attached as Exhibit 9.

3.      Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), venue is proper in the United States District Court for the District of Colorado because the State Court Action is currently pending in the District Court of Denver County, Colorado, and this Court is therefore the "district and division embracing the place where the action is pending." 28 U.S.C. § 1441(a).

4.      Pursuant to 28 U.S.C. § 1446(d), Defendants will file with the Clerk of the District Court of Denver County, Colorado, and will serve on the adverse party, a true and correct copy of this Notice of Removal.

## GROUNDS FOR REMOVAL

5.      Under 28 U.S.C. § 1441, a defendant in state court may remove the case to federal court when a federal court would have had jurisdiction if the case had been filed there originally. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (cited in *Topeka*

*Housing Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005)). The party seeking to invoke federal diversity jurisdiction bears the burden of showing that the complete diversity and the amount in controversy requirements are met at the time of removal. *McPhail v. Deere & Co.*, 529 F.3d 947, 955-56 (10th Cir. 2008). As shown below, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.      Plaintiff alleges that she is a citizen of the State of Colorado. Exhibit 1 at ¶ 5.

7.      Defendants are now, and have been at all times relevant to claims set forth in the Complaint, foreign limited liability companies with their principal place of business in Murray, UT, the state listed in its organization certificate. Exhibit 4. Defendants are citizens of the State of Utah for purpose of diversity and are not citizens of Colorado for the purpose of 28 U.S.C. § 1332(a)(1) or 28 U.S.C. § 1441(b).

8.      As such, there exists complete diversity of citizenship among the parties under 28 U.S.C. § 1332(a)(1) because Defendants are not citizens of the same state as Plaintiff.

9.      Where a complaint does not contain an "ad damnum" clause, as is the is case in this matter, the removing defendant must allege by a preponderance of the evidence that the amount in controversy may exceed $75,000. *McPhail*, 529 F.3d at 953. Such a showing is satisfied where the removing defendant's notice of removal establishes facts supporting the "assertion that the case may involve more than $75,000." *Id.* at 955.

3

The party seeking removal can meet its burden by supporting its allegations with "other documentation [that] can provide the basis for determining the amount in controversy." *Id.* at 951-52, 955-56.

10.     Additionally, the Tenth Circuit has held that a Colorado civil cover sheet is adequate notice of the amount in controversy sought by a plaintiff. *Paros Props. LLC v. Colo. Casualty Ins. Co.,* 835 F.3d 1264, 1272 (10th Cir. 2016). Along with her Complaint, Plaintiff attached a District Court Civil Case Cover Sheet. A copy of the District Court Civil Case Cover Sheet is attached as Exhibit 5. Plaintiff's Cover Sheet unambiguously indicates that she is seeking more than $100,000 in damages. Ex. 5 at ¶ 2.

11.     Because Defendants are not citizens of the same state as Plaintiff, Defendants are not citizens of the state in which the action was filed, and the amount in controversy exceeds $75,000, this action may be removed to this Court on diversity grounds pursuant to 28 U.S.C. §§ 1332 and 1441(a).

12.     Pursuant to Pursuant to D.C.COLO.LCivR 81.1(b), copies of all remaining pleadings, motions, and other papers in the State Court Action to date are attached to this Notice of Removal as follows: Summons to Defendants as Exhibit 6; Court's Delay Reduction Order as Exhibit 7; Court's Pre-Trial Order as Exhibit 8; and Plaintiff's Return of Affidavit of Service as Exhibit 9.

13.     As shown in the Notice of Filing Notice of Removal, attached as Exhibit 10, Defendants have given notice of removal to the Clerk of the Denver County District Court and to Plaintiff's counsel.

14.     Pursuant to D.C.COLO.LCivR 81.1(c), Defendants certify that no hearing has been scheduled in the State Court Action at the time of this removal.

WHEREFORE, Defendants, **SIZZLING CAESARS, LLC,** and **SIZZLING PLATTER, LLC s/h/a SIZZLING PLATTERS, LLC d/b/a LITTLE CAESARS PIZZA**, remove this action from the District Court of Denver County, Colorado, to the United States District Court for the District of Colorado.

Respectfully submitted this 19th day of December 2019.

LASATER & MARTIN, P.C.

*s/ Brendan Friedman*

_____

J. Scott Lasater
Brendan F. Friedman
8822 S. Ridgeline Blvd., Suite 405
Highlands Ranch, CO 80129
Telephone: 303-730-3900
Facsimile: 303-730-3939
E-mail: Scott@LasaterandMartin.com
        Brendan@LasaterandMartin.com
*Attorneys for Defendants Sizzling Caesars,*
*LLC and Sizzling Platter, LLC s/h/a Sizzling*
*Platters, LLC d/b/a Little Caesars Pizza*