IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-03621-PAB

KELLI APODACA,

    Plaintiff,

v.

SIZZLING CAESARS, LLC and SIZZLING PLATTERS, LLC d/b/a LITTLE CAESARS PIZZA,

    Defendants.

---

# ORDER

---

This matter comes before the Court on Defendants' Response to the Court's Second Order to Show Cause [Docket No. 20]. Defendants assert that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Docket No. 20 at 2; Docket No. 1 at 3, ¶ 5.

Defendants removed this case from the District Court for the City and County of Denver on December 20, 2019. Docket No. 1. The case was originally assigned to Magistrate Judge Nina Y. Wang. Docket No. 8. On January 13, 2020, Magistrate Judge Wang issued an Order to Show Cause [Docket No. 15] directing defendants to show cause as to why the case should not be remanded to state court due to lack of federal subject matter jurisdiction. Docket No. 15 at 2. Specifically, the magistrate judge found that defendants had failed to adequately allege their own citizenship. *Id.* In the notice of removal, defendants had alleged that they are "foreign limited liability companies with their principal place of business in Murray, UT." Docket No. 1 at 3, ¶ 7.

However, the citizenship of a limited liability company is determined not by its state of organization or principal place of business, but by the citizenship of all of its members. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) ("[I]n determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members."). Accordingly, the magistrate judge found that the notice of removal was insufficient to establish defendants' citizenship – and, as a result, was insufficient to establish federal subject matter jurisdiction – and directed defendants to show cause as to why the case should not be remanded to state court. Docket No. 15 at 2.

On January 27, 2020, defendants filed a response to the order to show cause. Docket No. 16. Defendants alleged that Sizzling Caesars, LLC "is a Delaware limited liability company with one member, Sizzling Platter, LLC." Docket No. 16 at 2. Defendants stated that Sizzling Platter, LLC "is a Nevada limited liability company with one member, SPLAT HoldCo, LLC." *Id.* Defendants alleged that "SPLAT HoldCo, LLC is a Delaware limited liability company, with its principal place of business in Utah, with no connection to Colorado." *Id.* However, defendants failed to identify the members of SPLAT HoldCo, LLC or allege the citizenship of those members so as to establish defendants' citizenship. *See id.* On this basis, Magistrate Judge Wang issued a Second Order to Show Cause [Docket No. 17] on January 30, 2020 directing defendants to "further identify the citizenship of the member or members of SPLAT HoldCo, LLC." Docket No. 17 at 3. In addition, Magistrate Judge Wang advised defendants that, "[t]o the extent the member or members of SPLAT HoldCo, LLC is or are a corporate entity or LLC, Defendants must be sure to correctly identify those

entities' citizenship based on the principles articulated in this Second Order to Show Cause. Without such information, the court cannot ascertain that complete diversity exists." *Id.*

On January 31, 2020, the case was reassigned to this Court. Docket No. 19. On February 13, 2020, defendants filed a response to the second order to show cause. Docket No. 20. In this response, defendants allege that "SPLAT HoldCo, LLC has one member, SPLAT SuperHoldCo, LLC." Docket No. 20 at 2. They further state that "SPLAT SuperHoldCo, LLC has thirty members," which are listed in an affidavit from Sizzling Platter, LLC's deputy general counsel, Marta Horton, *see* Docket No. 20-1, but that they "are unaware of the partners and/or members of" eight of those members.[1] Docket No. 20 at 2. Defendants state that they "are aware that none of the [unknown-member] entities were formed in Colorado and do not operate in Colorado" and that "none of the individual members of SPLAT SuperHold Co, LLC . . . reside in Colorado." *Id.*

The Court finds defendants' response deficient in several respects. First, the statement that defendants are aware that the unknown-member entities "were [not] formed in Colorado and do not operate in Colorado," and that the individuals members do not reside in Colorado, Docket No. 20 at 2, is insufficient to demonstrate those entities' and individuals' citizenship. "It is well established that the basis upon which

---

[1]Specifically, defendants are unaware of the partners and/or members of CSIP V Pass-Through Acquisitions, LP, CS Adjacent Investment Partners, LP, CS Adjacent Investment Partners Parallel, LP, CSKS Opportunities Fund, LP, CSFC Financing I, LLC, Yukon Capital Partners III, LP, Yukon Capital Partners 3(c)(7) III, or YCP SP Blocker, Inc. Docket No. 20 at 2.

jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Fifth Third Bank v. Flatrock 3, LLC*, 2010 WL 2998305, at *3 (D.N.J. July 21, 2010). A pleading that sets forth the states of which a party is *not* a citizen is insufficient to establish subject matter jurisdiction. *See D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 126 (1st Cir. 2011) ("That Mr. Mehrotra is a citizen of Rhode Island and that Zwirn is not considered a citizen of Rhode Island 'is not sufficient to give jurisdiction in a . . . Court of the United States.'") (quoting *Cameron v. Hodges*, 127 U.S. 322, 324 (1888)). Here, defendants have not affirmatively alleged these entities' and individuals' citizenship, but rather argue in the negative and state that the members are not citizens of Colorado. This is insufficient for defendants to meet their burden of establishing that jurisdiction is proper.

Moreover, defendants' allegation that "none of the individual members of SPLAT SuperHoldCo, LLC . . . reside in Colorado," Docket No. 20 at 2, is inapposite for purposes of determining those members' citizenship. "[A]n individual's state citizenship is equivalent to domicile." *Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006). Residency is not synonymous with domicile, *see Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another.") (citations omitted)), and only the latter is determinative of a party's citizenship. *See Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity."). Rather, "[t]o establish domicile in a particular state, a person must be physically present in the

state and intend to remain there." *Cummings*, 445 F.3d at 1260. Accordingly, defendants' allegations concerning the state of residence of those members is immaterial here.

For this same reason, defendants' notice of removal fails to adequately establish plaintiff's citizenship. In their notice of removal, defendants state that "Plaintiff alleges that she is a citizen of the State of Colorado." Docket No. 1 at 3, ¶ 6. However, the evidence upon which defendants rely to establish plaintiff's citizenship – namely, plaintiff's state court complaint, *see* Docket No. 9 – does not support defendants' allegation. In her complaint, plaintiff does not allege that she is a citizen of Colorado. Instead, the complaint states that plaintiff is "a resident of the state of Colorado," Docket No. 9 at 2, ¶ 5, which does not establish plaintiff's Colorado citizenship. Thus, even absent defendants' insufficient allegations as to its own citizenship, the Court would still not be satisfied that it has federal subject matter jurisdiction over this case.

For the foregoing reasons, defendants' notice of removal and two responses to the two orders to show cause do not sufficiently establish the citizenship of plaintiff or defendants for purposes of diversity jurisdiction. While defendants state that they "are unable to access partner/member information as to the members of SPLAT SuperHoldCo, LLC, Docket No. 20 at 2, the fact that it may be difficult to determine the citizenship of the parties does not absolve defendants of their responsibility to allege a sufficient basis for jurisdiction as a threshold matter. *See Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004) ("The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."); *United States ex*

*rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." (internal quotation marks omitted)). This is particularly true when, as in this case, defendants are being asked to determine their own citizenship. Because the Court is unable to determine whether it has subject matter jurisdiction over this case, it is

**ORDERED** that this case is remanded to the District Court for the City and County of Denver, where it was originally filed as Case No. 2019CV34286. It is further

**ORDERED** that this case is closed.

DATED February 18, 2020.

BY THE COURT:

S/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge